UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS, CDCR #F-34368,<br><br>                                      Plaintiff,<br><br>vs.<br><br>R. BROWN, Community Resource Manager; W.O. BROWN, Chaplain; F. HADJADJ, Chaplain/Rabbi; K. SEIBEL, Chief Deputy Associate Warden; G. MURPHY, Appeals Examiner; R.L. BRIGGS, Office of Appeals Chief,<br><br>                                      Defendants. | Civil No.   15cv0949 WQH (MDD)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF Nos. 3, 7]**<br><br>**2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT**<br>**[ECF No. 5]**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

HAYES, Judge:

Currently before the Court is a civil rights Complaint ("Compl.") filed pursuant to 42 U.S.C. § 1983 by Andrew A. Cejas ("Plaintiff"), a prisoner proceeding pro se and currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego

California. Also pending are Plaintiff's Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 7), and an interim Motion to Extend Time in order to provide the prison trust account statements required by 28 U.S.C. § 1915(a)(2) (ECF No. 5).

## I.     Plaintiff's Motions to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff's first Motion to Proceed IFP (ECF No. 3), did not include a certified copy of his prison trust account statements; therefore, on July 13, 2015, he submitted a Motion requesting as extension of time in which to obtain them (ECF No. 5). Before the Court could rule on that request, however, Plaintiff filed a second Motion to Proceed IFP (ECF No. 7), which included the accounting required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIV LR 3.2. *Andrews*, 398 F.3d at 1119. Therefore, his request for extension of time is now moot.

The Court has reviewed Plaintiff's trust account activity, and it shows that he has carried no monthly balance and has had no monthly deposits to his account over the six-month period preceding the filing of his Complaint. Consequently, Plaintiff had an available balance of zero in his account at the time his second Motion to Proceed IFP was filed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

Therefore, the Court DENIES Plaintiff's Motion for Extension of Time as moot (ECF No. 5), GRANTS Plaintiff's Motions to Proceed IFP (ECF Nos. 3, 7) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

      **A.    Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by

those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (describing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing

*Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.   Plaintiff's Allegations

Plaintiff contends that he is a "sincere practitioner of the Buddhist faith," and that RJD's Chief Deputy Associate Warden Seibel, Community Resource Manager R. Brown, Chaplain W.O. Brown, and Chaplain/Rabbi F. Hadjaj, have violated his First Amendment right to free exercise of religion, his Fourteenth Amendment right to equal protection, and his rights pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc, by failing to provide him "adequate accommodations" necessary to properly practice his faith, including access to a chaplain. *See* Compl. (ECF No. 1) at 8, 21 ¶¶ 1, 33. Plaintiff further contends Defendants Murphy and Briggs, who denied his administrative appeal at the third level of review regarding the lack of religious accommodation at RJD, were responsible for "enforcement of policies," and in "a position to correct the prison['s] decisions," but failed to "prevent the ongoing ... violations." *Id.* at 12 ¶ 7. Plaintiff seeks declaratory and injunctive relief, as well as nominal, presumed, and punitive damages. *Id.* at 33-34.

As currently pled, the Court finds Plaintiff's Complaint contains claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1122-25 (9th Cir. 2013) (discussing pleading required for prisoner's RLUIPA, First, and Fourteenth Amendment claims).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 7).

2. **DENIES** Plaintiff's Motion for Extension of Time (ECF No. 5) as moot;

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United

1  States Marshal according to the instructions the Clerk provides in the letter accompanying
2  his IFP package.

3      7.    **ORDERS** Defendants to reply to Plaintiff's Complaint within the time
4  provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42
5  U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the
6  right to reply to any action brought by a prisoner confined in any jail, prison, or other
7  correctional facility under section 1983," once the Court has conducted its sua sponte
8  screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a
9  preliminary determination based on the face on the pleading alone that Plaintiff has a
10 "reasonable opportunity to prevail on the merits," the defendant is required to respond).

11     8.    **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been
12 entered by counsel, upon Defendants' counsel, a copy of every further pleading or other
13 document he wishes the Court to consider. Plaintiff must include with the original paper
14 to be filed with the Clerk of the Court, a certificate stating the manner in which a true and
15 correct copy of the document was served on Defendants, or counsel for Defendants, and
16 the date of that service. Any paper received by the Court which has not been properly
17 filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.
18 DATED: October 30, 2015

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge